


Of Counsel:

PAUL ALSTON          1126-0
NEIL F. HULBERT      1143-0
MEI-FEI KUO          7377-0
ALSTON HUNT FLOYD & ING
1001 Bishop Street, 18th Floor
Honolulu, Hawai`i  96813
Tel. No:      (808) 524-1800
Fax No.:      (808) 524-4591
Email:        palston@ahfi.com

TOM C. LEUTENEKER    732-0
CARLSMITH BALL LLP
One Main Plaza, Suite 400
2200 Main Street, P.O. Box 1086
Wailuku, Maui, Hawai`i  96793-1086
Tel. No.:     (808) 242-4535
Fax No.:      (808) 244-4974
E-mail:       tcl@carlsmith.com

Attorneys for Defendant
MANDALAY PROPERTIES HAWAI`I LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| COUNTY OF KAUA`I,<br><br>        Plaintiff,<br><br>  v.<br><br>MANDALAY PROPERTIES HAWAI`I LLC, a Hawai`i limited liability company; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS, CORPORATIONS AND/OR OTHER ENTITIES 1-100; DOE GOVERNMENTAL AGENCIES 1-100,<br><br>        Defendants. | CIV NO. CV05-00052 KSC<br>(Other Civil Action)<br><br>[CONSOLIDATED CASES]<br><br>**DEFENDANT MANDALAY PROPERTIES HAWAI‛I LLC'S OPPOSITION TO *PLAINTIFF COUNTY OF KAUA`I'S SEPARATE AND CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANT MANDALAY PROPERTIES HAWAI`I LLC'S RENEWED AND SUPPLEMENTED MOTION FOR SUMMARY JUDGMENT FILED NOVEMBER 30, 2006*, FILED ON JANUARY 2, 2007; DECLARATION OF MEI-FEI KUO; DECLARATION OF RONALD J. WAGNER; EXHIBITS "44"-"52"; CERTIFICATE OF COMPLIANCE WITH WORD LIMIT; CERTIFICATE OF SERVICE.** |

634988 v 2 / 6043-2

|   |   |
|---|---|
|   | ) Hearing |
|   | ) Date  :  January 17, 2007 |
|   | ) Time  :  9:30 A.M. |
|   | ) Judge :  Hon. Kevin S. Chang |
|   | ) |
|   | ) Trial Date: May 1, 2007 |
|   | ) |
| _____ | ) |
|   | ) |
| MANDALAY PROPERTIES HAWAII LLC, | ) CIVIL NO. 03-00711 BMK DAE |
|   | ) |
| Plaintiff, | ) |
|   | ) |
| vs. | ) |
|   | ) |
| ISLAND ACCESS COALITION, WILLIAM | ) |
| YOUNG, individually, and DOE | ) |
| DEFENDANTS 1-100, | ) |
|   | ) |
| Defendants. | ) |
| _____ | ) |

**DEFENDANT MANDALAY PROPERTIES HAWAIʻI LLC'S OPPOSITION TO *PLAINTIFF COUNTY OF KAUA`I'S SEPARATE AND CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANT MANDALAY PROPERTIES HAWAI`I LLC'S RENEWED AND SUPPLEMENTED MOTION FOR SUMMARY JUDGMENT FILED NOVEMBER 30, 2006*, FILED ON JANUARY 2, 2007**

Defendant Mandalay Properties Hawai`i LLC ("Mandalay") states its opposition to the *ADDITIONAL STATEMENT OF FACTS* contained in the Separate and Concise Statement of Facts in Opposition to the Renewed and Supplemented Motion for Summary Judgment filed by the County of Kaua`i ("County") on January 2, 2007.[1]

---

[1] In violation of L.R. 56.1(d), the County's Separate and Concise Statement exceeds the word limitation of L.R. 56.1(d) and it does not include a certificate of compliance as required by L.R. 7.5(e).

634988 v 2 / 6043-2                    1

**A.   MANDALAY'S OBJECTIONS TO THE COUNTY'S ADDITIONAL STATEMENT OF FACTS**

| MANDALAY'S OBJECTIONS | EVIDENTIARY SUPPORT |
|---|---|
| 1.  DISPUTED.  The County's assertion is wrong and raises no genuine issue.<br><br>Statutorily, the Board of Education had the powers of a corporation and could convey School Lands by deed. | Exhs. "45", "46", and "51" and Mandalay's Reply in Support of its Renewed and Supplemented Motion for Summary Judgment ("Reply") at Section II.A.1.<br><br>The Board of Education, before and after 1860, issued deeds for conveyances of School Land.  *See* Exhs. "47"-"50". |
| 2.  DISPUTED.  The County's assertion is wrong and raises no genuine issue.<br><br>The Board of Education Deed did not require confirmation from the legislative council. | *See* Mandalay's Objection to No. 1.<br><br>Exhs. "4" and "45",  and Reply at Section II.A.1. |
| 3.  DISPUTED.  The County's assertion is wrong and raises no genuine issue.<br><br>There is no evidence of public roads in the Widemann Reservation ("Reservation") at the time of the *Mahele*. | The evidence reflects no public roads in the Reservation and no roads running in the *mauka-makai* direction in the Reservation at the time of the *Mahele*.<br><br>Mandalay's Concise Statement of Fact No. 7; Declaration of Ronald J. Wagner at ¶ 9 and Exhs. "23", "24", "26"-"27", and "42"-"43". |

| **MANDALAY'S OBJECTIONS** | **EVIDENTIARY SUPPORT** |
|---|---|
| 4.   DISPUTED.  The County's assertion is wrong and raises no genuine issue.<br><br>The County's assertion regarding the creation of cross-easements in the Reservation by the deed between H.A. Widemann and J. Hobbs, *et. al.* ("Widemann Deed") is a legal conclusion, not a fact. | The Widemann deed (Exh. "6") does not mention any cross easements.<br><br>An implied easement by necessity creates access to a public way only if the subdivision otherwise blocks access for one or more of the lots.  The conveyance of the Reservation did not block access of any other portion of the Moloa`a Hui lands to a public way. |
| 5.   DISPUTED.  The County's assertion is wrong and raises no genuine issue.<br><br>The 1931 R.M. Towill Map ("Map") in Equity 80 shows the private driveway on the Reservation ("Driveway") stopping well short of the beach and that map says nothing about it being a "public road." | There is no genuine dispute that the map clearly shows that the Driveway stopped at least 250 feet short of the beach.  Exhs. "F" and "42".<br><br>Judge Ezra has already ruled that nothing in Equity 80 or in Resolution No. 9 indicated that the County accepted ownership of a private road or that Equity 80 included the Reservation.  Exh. "1", "H", "P" and Reply at 4-5 and 12. |
| 6.   DISPUTED.  The County's assertion is wrong and raises no genuine issue.<br><br>Nothing in Equity 80 reflects that a "public road" was adopted and accepted by the County across the Reservation. | *See* Mandalay's Objection to No. 5, and Exhs. "1", "M", "O", and "P". |

| **MANDALAY'S OBJECTIONS** | **EVIDENTIARY SUPPORT** |
|---|---|
| 7. DISPUTED. The County's assertion is wrong and raises no genuine issue.<br><br>Since the Reservation was not subject to Equity 80, Charles A. Rice, as its then-owner, had no obligation to object to any characterization that the road segment in question "went to the beach" across the Reservation. | *See* Objections to Nos. 5-6.<br><br>The Reservation was not part of Equity 80, the court did not "characterize" any "public road" to the beach, and Charles Rice had no obligation to object. |
| 8. DISPUTED. The County's assertion is wrong and raises no genuine issue.<br><br>There is no evidence that the Reservation is subject to a public easement by prescription or dedication. | The *kama`aina* witnesses' deposition testimony does not support the County's contentions, but in fact prove the opposite.<br><br>*See* Mandalay's Concise Fact Nos. "24" -"38"; Mandalay's Motion at 10-19; and Reply at 16-17. |
| 9. DISPUTED. The County's assertion is wrong and raises no genuine issue.<br><br>The Reservation is not in the public domain. | The Board of Education Deed was permitted by the applicable law and is valid.<br><br>*See* Reply at Section II.A. and Mandalay's Objection to No. 1. |

DATED: Honolulu, Hawai`i, on January 9, 2007.

        /s/ Mei-Fei Kuo
PAUL ALSTON
NEIL F. HULBERT
MEI-FEI KUO
TOM C. LEUTENEKER
Attorneys for Defendant
  MANDALAY PROPERTIES HAWAI`I LLC