

LINDA LINGLE
GOVERNOR

MARK J. BENNETT
ATTORNEY GENERAL

RICHARD T. BISSEN, JR.
FIRST DEPUTY ATTORNEY GENERAL

**STATE OF HAWAII**
DEPARTMENT OF THE ATTORNEY GENERAL
425 QUEEN STREET
HONOLULU, HAWAII 96813
(808) 586-1500

August 30, 2004

The Honorable Bryan J. Baptiste
Mayor, County of Kauai
Office of the Mayor
4444 Rice Street, Suite 235
Lihue, Hawaii  96766

    Re:  <u>Papaa Bay Beach Access</u>

Dear Mayor Baptiste:

    We have thoroughly reviewed the materials you submitted regarding Papaa Bay Beach Access and I am sorry to inform you that we do not believe the State can claim a current interest in the subject property.  I enclose with this letter a draft of the letter that I intend to send you on this matter.  The reason I enclose a draft, is to give you one final opportunity, if you wish, to submit any other materials to us.

    I sincerely regret that we cannot take the position that you had asked us to take, but I do want to assure you that we did (and I personally did) devote our full attention and study to this issue.

Very truly yours,

Mark J. Bennett
Attorney General

Enclosure

EXHIBIT 52

000690

LINDA LINGLE
GOVERNOR

MARK J. BENNETT
ATTORNEY GENERAL

RICHARD T. BISSEN, JR.
FIRST DEPUTY ATTORNEY GENERAL

STATE OF HAWAII
DEPARTMENT OF THE ATTORNEY GENERAL
425 QUEEN STREET
HONOLULU, HAWAII 96813
(808) 586-1500

August 30, 2004

DRAFT

The Honorable Bryan J. Baptiste
Mayor, County of Kauai
Office of the Mayor
4444 Rice Street, Suite 235
Lihue, Hawaii 96766

Re: Papaa Bay Beach Access

Dear Mayor Baptiste:

We have reviewed the documents which you have presented to us regarding the State's potential interest in securing a beach access to Papaa Bay, through the property referred to as the "Widemann Reservation" and the pending litigation with the current owner of the Widemann Reservation.

Despite the information provided in the report titled "Facts Found in Public Sources Relating to the Ownership and Use of Certain Roads at Papa'a" and the document titled "Reasons for State Involvement," for the reasons indicated below, we do not believe the State has a current interest in the subject property. As such, we believe, this matter would best be handled on a county level.

**Old Government Roads**

Under HRS §264-1(a), the State is responsible only for state highways under the jurisdiction of the Department of Transportation. All other public highways[1] are county highways. The State's Department of Transportation has not asserted jurisdiction over any roads in the Widemann Reservation. Accordingly, any government roads that run through that parcel are county highways by operation of law.

[1] Public highways are "all roads, alleys, streets, ways, lanes, bikeways, and bridges in the State, opened, laid out, or built by the government." HRS §264-1(a).

The Honorable Bryan J. Baptiste
August 30, 2004
Page 2

### Na Ala Hele Trails

HRS §264-1(b) provides that all trails and other non-vehicular rights-of-way declared to be rights-of-ways by the highways act of 1892,[2] are declared to be public trails under the jurisdiction of the state Board of Land and Natural Resources.[3]

On Registered Map 1395, dated 1878, there is an indication of an Alaloa trail that ran through the ahupuaas of Aliamanu, Papaa, and Moloaa. However, in 1932, the Territory of Hawaii quitclaimed all of its interest in the Alaloa trail to the Commissioners of the Moloaa Hui. A copy of the deed is attached hereto as Exhibit "A." There is no indication of any other trail running through this area that would come under the jurisdiction of the State pursuant to HRS §264-1(b).

The Na Ala Hele Trail and Access Inventory which you referenced is an inventory of trails that may have been in use by the public at the time the inventory was made.[4] The trail could have been included in the inventory despite there being no legal right to the use of the trail. Na Ala Hele has indicated that it is not currently interested in establishing a trail in this area.

### State's Interest in the Protection and Preservation of Government Roads and Public Accesses

While it is true that concerns regarding preservation and protection of government roads and public access are a state concern, the Legislature has apportioned responsibility over these various types of highways and trails between the State and the counties. As stated above, the State is responsible only for state highways under the jurisdiction of the Department of Transportation. All other public highways, including government roads, were deemed to be county highways.

In addition, HRS chapter 115, assigns responsibility for acquisition of public rights-of-way to the shorelines, the sea, and inland recreational areas to the counties. In particular, HRS §115-7 provides that "development and maintenance of the rights-of-way and public transit corridors shall be the responsibility of the county." The Legislature has clearly assigned responsibility for beach accesses to the county.

---

[2] Other public trails are those opened, laid out, or built by the government or otherwise created or vested as nonvehicular public rights-of-way at any time after 1892.

[3] These trails are under the Na Ala Hele program.

[4] The trail and access inventory is no longer used by Na Ala Hele either as a current inventory or as a planning tool.

000692

The Honorable Bryan J. Baptiste
August 30, 2004
Page 3

### The State's Duty to Protect Natural Resources, Such as Beach Accesses

Kauai county is correct in asserting that the State has a duty to protect natural resources. However, beach access is not generally considered to be a natural resource.

Article XI, section 1 of the State Constitution provides that the State shall "conserve and protect Hawaii's natural beauty and all natural resources, including land, water, air, minerals and energy sources, and shall promote the development and utilization of these resources in a manner consistent with their conservation and in furtherance of the self-sufficiency of the State." The use of the term "natural resources" denotes those elements of the land that arise naturally and without intervention of humans. A beach access is a legal interest in land that is created by people for the sole purpose of allowing people to traverse to the shoreline. It is not created by nature nor is it an element of nature. It is also not consistent with the list of "natural resources" contained in the State Constitution.

As indicated in the State Constitution provision cited above there is a duty to protect the State's natural resources, of which the shoreline is one. It is arguable whether public access to the shoreline is covered by the public trust doctrine. To date there have been no cases that have held that preservation of public access to shorelines is a public trust duty.

In summary, Kauai County is attempting to obtain public access to the shoreline. If Kauai County's assertion is that the old government road is a continuation of the vehicular access established in the Equity 80 case, then it is a county road. If it is non-vehicular access, then it may have been a state trail. However, the 1932 exchange deed quitclaimed all state interest in the Alaloa trail, in the ahupuaas of Aliamanu, Papaa and Moloaa, to the Commissioners of the Moloaa Hui.

Please contact us if we can be of further assistance in this matter.

Very truly yours,


Linda L.W. Chow
Deputy Attorney General

Approved:


Mark J. Bennett
Attorney General

000693